**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Susan R. Hilton, ) | C/A No. 6:10-2012-CMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on October 12, 2011. Dkt. No. 15. For the reasons set forth below, the court adopts the Report, reverses the Commissioner's decision and remands the matter to the Commissioner for further proceedings.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**BACKGROUND**

On February 13, 2007,[1] Plaintiff applied for SSI and DIB, alleging disability as of April 30, 2006 due to depression and anxiety. Tr. 94-100. Plaintiff's applications were denied initially and on reconsideration by the Social Security Administration. Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on April 13, 2009. The ALJ, in a decision issued August 18, 2009, found that Plaintiff was not under a disability. The ALJ's decision was approved by the Appeals Council on June 14, 2010 and thus became the final decision of the Commissioner.

On August 2, 2010, Plaintiff filed this action seeking review of the Commissioner's decision arguing that it is not supported by substantial evidence. Dkt. No. 1.

**DISCUSSION**

The Report recommends that the court reverse the Commissioner's decision and remand this matter because it not supported by substantial evidence. Dkt. No. 15. The Report concludes that the ALJ (1) failed to properly consider the opinions of treating physicians Dr. Bamashmus and Dr. Bryant; (2) failed to properly evaluate Plaintiff's substantive complaints; and (3) failed to properly consider the testimony of the vocational expert ("VE"). *Id.* In objections filed on October 31, 2011, the Commissioner argues that the Magistrate Judge erred in finding that the ALJ (1) failed to state the weight attributed to Dr. Bamashmus's opinion; (2) did not discuss Dr. Bryant's treatment notes when formulating Plaintiff's residual functional capacity ("RFC"); and (3) did not provide adequate reasons when making his credibility determination. Dkt. No. 18. The Commissioner did not specifically object to the Report's recommendation that the matter should be remanded based on the ALJ's failure to adequately consider the VE's testimony. On November 9, 2011, Plaintiff responded

---

[1] Although the Report states that Plaintiff applied on January 30, 2007, the record does not support this date. The record contains Plaintiff's applications, which are dated February 13, 2007.

to the Commissioner's objections arguing that the Report is well-reasoned and correct. Dkt. No. 19.

**Weight Attributed to Dr. Bamashmus's Opinion.** The Report concluded that the ALJ did not explain what weight he gave to the opinion of treating physician Dr. Bamashmus and did not specifically identify the evidence that conflicted with Dr. Bamashmus's opinion that Plaintiff has serious work limitations. Dkt. No. 15 at 16. Dr. Bamashmus was Plaintiff's psychiatrist from March 2007 to January 2008. As described by the ALJ, "Dr. Bamashmus noted that the claimant was doing better on medications, but had 'fair' ability to make occupational, performance or personal-social adjustments." Tr. 15. "Fair ability" means that the Plaintiff's "ability to function in this area is seriously limited but not precluded." Tr. 269. The ALJ did "not give this opinion controlling weight because of its conclusory nature and because it is against the weight of the record as a whole." Tr. 15. As Plaintiff argued and the Report concludes, the ALJ, while stating that he did not give Dr. Bamashmus's opinion controlling weight, failed to explain what weight, if any, was given to Dr. Bamashmus's opinion.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)). The ALJ must, however, explain what weight

is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion. Social Security Ruling (SSR) 96-2p; *see also* 20 C.F.R. § 404.1527(d)(2) (outlining factors an ALJ must consider when determining what weight to give a treating physician's opinion)[2]. "Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason." *Richardson v. Dir.*, *Office of Workers' Comp. Programs*, United States DOL, 94 F.3d 164, 168-69 (4th Cir.1996) (quoting *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir.1980)). The court must "judge the propriety of [an agency's] action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

The Commissioner argues that it is sufficient for the ALJ to state that he did not give Dr. Bamashmus's opinion controlling weight. Dkt. No. 18 at 2. The court disagrees with the Commissioner and agrees with the Report's conclusion that the ALJ needed to state what weight, if any, he gave Dr. Bamashmus's opinion.

The Commissioner further argues that, although SSR 96-2p requires specificity before discounting a treating physician's opinion, "an express discussion of every factor [in 20 C.F.R. § 404.1527(d)] is not required." Dkt. No. 18 at 3-4 (citing *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir.2007)). However, even if the ALJ is not required to name each factor, the ALJ's decision must nonetheless be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. The ALJ's explanation of the weight given to Dr. Bamashmus's opinion does not reach the

---

[2] The factors include the length of the treatment relationship; the frequency of examinations; the nature and extent of the treatment relationship; support of the opinion afforded by medical evidence; consistency of the opinion with the record as a whole; and specialization of the treating physician. 20 C.F.R. § 404.1527(d).

level of specificity required under SSR 96-2p. The ALJ concluded that Dr. Bamashmus's opinion is not entitled to "controlling weight," but did not provide clear reasons for discounting the physician's opinion. Tr. 15. The ALJ's conclusory reason that Dr. Bamashmus's opinion "is against the weight of the record as a whole" is insufficient.[3]  *Id.*

The court rejects the Commissioner's arguments that the ALJ properly considered and explained his treatment of Dr. Bamashmus's opinion.

**Dr. Bryant's Treatment Notes.**  The Commissioner argues that the Report erred in finding that the ALJ failed to consider and discuss Dr. Bryant's treatment notes in his RFC analysis. Dkt. No. 18 at 4. Although not specifically discussed in his RFC analysis, the Commissioner argues that Dr. Bryant's notes were considered because the ALJ cited to several of Dr. Bryant's notes at step two (determination of severe impairments).[4]  *Id.*  Pursuant to Social Security Ruling 96-8p, "[t]he RFC assessment must be based on all of the relevant evidence in the case record." Dr. Bryant was Plaintiff's family doctor and treated her since 1999, for both physical and psychiatric conditions.

---

[3] The Commissioner also argues that the Report incorrectly states that "the ALJ failed to cite evidence conflicting with [Dr. Bamashmus's] opinion." Dkt. No. 18 at 2 (citing Dkt. No. 15 at 16). The Commissioner cites to other parts of the ALJ's decision in which Dr. Bamashmus's treatment notes are discussed, which the Commissioner argues conflict with Dr. Bamashmus's opinion that Plaintiff was seriously limited in her ability to work. According to the Commissioner, "[t]he ALJ could reasonably conclude that Dr. Bamashmus's treatment notes that reflected Plaintiff reported significant improvement in her condition with conservative treatment, negates any implication from him that she was disabled." Dkt. No. 18 at 3. However, the Commissioner's post-hoc rationalizations are no substitute for a well-reasoned decision.

[4] The Commissioner also argues that Dr. Bryant's opinion was consistent with the ALJ's formulation of Plaintiff's RFC. The Commissioner cites to a treatment note where Dr. Bryant stated that there was no medical reason that Plaintiff cannot work. Dkt. No. 18 at 4 (quoting Tr. 291). However, this opinion was included in a treatment note dated September 1, 2005, which is before Plaintiff's alleged onset date. The Commissioner has not cited to, and the court has not found, an opinion on Plaintiff's work ability provided by Dr. Bryant after the alleged onset date.

In the RFC analysis, the ALJ stated that Dr. Bamashmus noted in January 2008 that Plaintiff was doing extremely well and was stable on medication. Tr. 18. However, the ALJ does not acknowledge Dr. Bryant's treatment notes that show, after January 2008, Plaintiff continued to complain of depression and anxiety and Dr. Bryant adjusted her medications to help with her depression and anxiety. *See, e.g.*, Tr. 305. Without explanation, the court cannot be sure that the ALJ considered Dr. Bryant's treatment notes when determining Plaintiff's RFC. The court, therefore, rejects the Commissioner's argument that the ALJ considered Dr. Bryant's treatment notes in the RFC analysis.

**Subjective Complaints.** Plaintiff testified that she has extremely limited daily activities. Tr. 14. The ALJ found that Plaintiff has medical determinable impairments that could reasonably be expected to cause the alleged symptoms Plaintiff described. *Id.* However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* The ALJ offered two factors that weighed against considering Plaintiff's description of her limited daily activities as a basis for disability: (1) "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty;" and (2) "even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the medical evidence, which had indicated great improvement of psychiatric condition on medication." Tr. 15.

The Report recommends reversal because the ALJ failed to properly consider Plaintiff's subjective complaints. Dkt. No. 15 at 17. Specifically, the Report explained there is no requirement that there be objective verification of limited daily activities and that the ALJ overstated the level

of improvement of Plaintiff's psychiatric condition. *Id.* at 19-20. Further, the ALJ did not consider factors supporting Plaintiff's credibility. *Id.* at 21. Without explanation, the Commissioner simply argues that the ALJ's finding that the Plaintiff was not credible is supported by the record. Dkt. No. 18 at 4-5. The Commissioner has offered no new arguments regarding the credibility determination and the Report has addressed these arguments properly.[5] Although the Commissioner offered plausible reasons for the ALJ's credibility determination in his opening brief to the Magistrate Judge (Dkt. No. 12 at 17), the court cannot accept post-hoc rationalizations not contained within the ALJ's decision.

The court adopts the Report and reverses and remands the Commissioner's decision for further proceedings to properly consider and discuss Dr. Bamashmus's and Dr. Bryant's opinions, Plaintiff's subjective complaints, and the VE's testimony.

**CONCLUSION**

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case to the Commissioner for further proceedings consistent with this order and the Report.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 21, 2011

---

[5] To the extent the Commissioner argues that Plaintiff's daily activities were inconsistent with her complaints of pain, anxiety, and depression, the court rejects this argument. Dkt. No. 18 at 5. The ALJ did not state that her daily activities were inconsistent with her complaints. Rather, the ALJ simply did not believe that her daily activities were as limited as she recounted. Alternatively, the ALJ believed that her limited daily activities were not caused by her pain, anxiety, or depression.